BOARD OF ASSESSORS OF THE PARISH OF OR-LEANS, THE CITY OF NEW ORLEANS, *v.* NEW YORK LIFE INSURANCE COMPANY.

APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE EASTERN DISTRICT OF LOUISIANA.

No. 112.   Argued January 27, 1910.—Decided February 28, 1910.

Where a policy-holder simply withdraws a portion of the reserve on his policy for which the life insurance company is bound, and there is no personal liability, it is not a loan or credit on which the company can be taxed as such, and this is not affected by the fact that the policy-holder gives a note on which interest is necessarily charged to adjust the account.

To tax such accounts as credits in a State where the company has made the advances would be to deprive the company of its property without due process of law.  *Metropolitan Life Ins. Co,* v. *New Orleans,* 205 U. S. 395, distinguished.

Even if a State can tax a bank deposit that is created only to leave the State at once, a statute purporting to levy a tax upon all property within the State should not be construed, in the absence of express terms or a direct decision to that effect by the state court, as intending to include such a deposit; and so held as to the statute of Louisiana involved in this case.

158 Fed. Rep. 462, affirmed.

THE facts are stated in the opinion.

*Mr. Geo. H. Terriberry, Mr. H. Garland Dupre* and *Mr. Harry P. Sneed* for appellants:

The property here taxed falls under "credits" and "cash"

to which the terms of the act apply. The case is on all fours with *Metropolitan Life Ins. Co.* v. *New Orleans*, 205 U. S. 395; although complainant seeks to make a subtle distinction.

The term "loan" has not been applied to these transactions by the taxing power, but by complainant itself. It calls them loans. As to what are loans, see *Freeman* v. *Brittin*, 17 N. J. Law (2 How.), 231; *Omaha Bank* v. *Mutual Benefit Co.*, 81 Fed. Rep. 938; *New York Life Ins. Co.* v. *Curry*, 61 L. R. A. (Ky.) 270; *Union Cent. Life Ins. Co.* v. *Burn*, 49 L. R. A. 747; *N. Y. Life Ins. Co.* v. *Pope*, 68 S. W. Rep. 853; and see 80 S. W. Rep. 412; *Steele* v. *Conn. Life Ins. Co.*, 31 App. Div. 389; *Rodman* v. *Maxson*, 13 Barb. (N. Y.) 75, citing McCullough's Com. Dictionary, 96; Webster's Dictionary, and 2 Black. Com. 454. See also Standard Dictionary, *verbo* "Loan"; March's Thesaurus Dic. of Eng. Language, p. 619; Standard Dictionary, *verbo*, "Interest," third definition; Bouvier's Law Dict. *verbo* "Loan"; also see 7 Pet. 107.

In this case money is delivered from the company to the assured; there is an obligation to return this money in one of two ways; and interest is paid.

The payment is to be made in either cash or by forfeiture of the policy. As to the taxability of these loans see *Alabama Gold Life Ins. Co.* v. *Lott*, 54 Alabama, 499, 505. These transactions are loans, and, as such, taxable. Whether it is good governmental policy to tax them is a question for the legislature, and not for the courts. See *Travelers' Ins. Co.* v. *Assessors*, 47 So. Rep. 439.

The construction of a state statute by the Supreme Court of that State is binding upon this court to the extent of the precise question decided, but not further. *Southern R. Co.* v. *Simpson*, 131 Fed. Rep. 705, and 16 How. 275; 85 Fed. Rep. 180, 123 Fed. Rep. 480; but *obiter dicta* of the state court as to facts in a case which was never brought before it, and the record of which its members never saw, are entitled to no weight.

Foreign corporations doing business in Louisiana are taxable

upon their "credits, money loaned, bills receivable." *Electric Co.* v. *Assessors*, 121 Louisiana, 116; *National Ins. Co.* v. *Assessors*, 121 Louisiana, 108; *Liverpool & L. & G. Ins. Co.* v. *Assessors*, 122 Louisiana, 98; *N. E. Mut. Life Ins. Co.* v. *Board &c.*, 121 Louisiana, 1068; *Travelers' Ins. Co.* v. *Same*, 122 Louisiana, 129; *U. S. Fid. & Guar. Co.* v. *Same*, 122 Louisiana, 139; *Standard Ins. Co.* v. *Same*, 123 Louisiana, 717; *Orient Ins. Co.* v. *Same*, not yet reported.

"Cash on hand and in bank" belonging to complainant is, under the *Travelers' case, supra*, taxable by the statute, and no Federal constitutional provision interferes therewith.

The legislature has the power to tax these loans. The company can be sued in Louisiana. Service upon its agent in Louisiana is as effective as upon its president in New York.

The state statute as construed is not unconstitutional, as being in contravention of the Fourteenth Amendment and other amendments to the Constitution of the United States.

There is nothing in the Federal Constitution that prevents a State from prescribing the terms on which foreign corporations shall come within its borders and carry on business with its citizens. 13 Eng. & Am. Encyc. of Law, 2d ed., p. 860; 1 Cooley on Taxation, 3d ed., p. 94; 6 Thompson on Corporations, §§ 7900, 8087; 12 Cook on Corp., 4th ed., p. 1080; Burroughs on Taxation, p. 151; *Paul* v. *Virginia*, 8 Wall. 168, cited in 10 Wall. 573, affirming in 100 Massachusetts, 531; and see also, 99 Massachusetts, 148; 10 Wall. 415; 94 U. S. 535; 113 U. S. 739; 143 U. S. 314; 166 U. S. 154; *Parke, Davis & Co.* v. *New York*, 171 U. S. 658; *Metropolitan Life Ins. Co.* v. *Assessors*, 115 Louisiana, 708; Beale on Foreign Corporations, p. 654; *Adams Express Co.* v. *Ohio*, 166 U. S. 185; *Algeyer* v. *Louisiana*, 165 U. S. 583; *Hooper* v. *California*, 155 U. S. 648.

The State has power to tax credits, etc., of foreign corporations. *Oliver* v. *Liverpool & London Life & Fire Ins. Co.*, 100 Massachusetts, 531; Gray on Limitations of Taxation, p. 70, § 89; *Armour Packing Co.* v. *Savannah*, 41 S. E. Rep. 237;

*Armour Packing Co.* v. *Augusta,* 45 S. E. Rep. 424; Hammond on Taxation of Business Corp., par. 29; p. 22; Beale on Foreign Corp., p. 647, § 488; *Monongahela Coal Co.* v. *Assessors,* 115 Louisiana, 567; *State* v. *Hammond Packing Co.,* 110 Louisiana, 186; 1 Cooley on Taxation, 3d (new) ed., p. 92.

*Mr. James H. McIntosh,* with whom *Mr. Charles S. Rice* and *Mr. Richard B. Montgomery* were on the brief, for appellee:

Property not within the territorial jurisdiction of the State is not subject to taxation therein. *McCullough* v. *Maryland,* 4 Wheat. 316; *Buck* v. *Beach,* 206 U. S. 392; *St. Louis* v. *Wiggins Ferry Co.,* 11 Wall. 423.

The legislature cannot for purposes of taxation acquire jurisdiction over persons or property not within the limits of the State any more than the legislature can confer upon the courts power to acquire jurisdiction in such cases. *Adam's Express Co.* v. *Ohio,* 165 U. S. 194. The courts of Louisiana have stated and applied this rule, *Liverpool &c. Ins. Co.* v. *Assessors,* 51 La. Ann. 1028, and the Federal and state courts generally, without exception, have recognized and enforced it. *State Tax on Foreign-held Bonds,* 15 Wall. 300; *Tappan* v. *Bank,* 19 Wall. 490; *Louisville &c. Ferry Co.* v. *Kentucky,* 188 U. S. 385; *Corry* v. *Baltimore,* 196 U. S. 466; *Union Refrigerator Co.* v. *Kentucky,* 199 U. S. 194; *Metropolitan L. I. Co.* v. *New Orleans,* 205 U. S. 395; *Buck* v. *Beach,* 206 U. S. 392; *Augusta* v. *Kimball,* 91 Maine, 605; *Grundy County* v. *Tennessee &c. Co.,* 94 Tennessee, 295; *Bacon* v. *Tax Assessors,* 126 Michigan, 22.

If, therefore, the property in question here was not within the territorial jurisdiction of the State, this tax cannot be sustained.

The property sought to be taxed was not within the territorial jurisdiction of the State. These contracts cannot by legislation or by any act of the appellants be made taxable in Louisiana. *State Tax on Foreign-held Bonds,* 15 Wall. 300; *Buck* v. *Beach,* 206 U. S. 392; see, also, *Bristol* v. *Washington*

*County*, 177 U. S. 133; *Meyer* v. *Pleasant*, 41·La. Ann. 645; *Liverpool &c. Co.* v. *Assessors*, 51 La. Ann. 760; *Grundy County* v. *Tennessee Ry. Co.*, 94 Tennessee, 295; *Worthington* v. *Sebastian*, 25 Ohio St. 1; *Barber* v. *Farr*, 54 Iowa, 57.

The rule then that credits and choses in action can only be taxed at the domicile of the owner must obtain in this case, unless there is something peculiar about the transaction to take it out of this rule.

The policy loans and the premium lien notes are not loans nor credits in the true and ordinary sense, nor are they a personal liability of the policy-holder; they are an anticipated settlement with the policy-holder based upon the accumulated value of the policy, and in no sense are they taxable property.

Mr. Justice Holmes delivered the opinion of the court.

This is a bill in equity to restrain the collection of a tax from the plaintiff, the appellee, on the ground that the tax is contrary to the Fourteenth Amendment. The plaintiff had a decree and the defendants appealed to this court. 158 Fed. Rep. 462. The tax is based upon an assessment of the plaintiff for credits amounting to $568,900, whereas, the plaintiff says, that it has no credits in the State; and for money on deposit, distinct from what the plaintiff admits to be taxable, amounting to $50,700. There is no dispute about the facts and the issue as to each sum is upon matter of law.

The so-called credits arise out of transactions denominated Policy Loans and Premium Lien Note Loans, which are explained at length by the judge below, but which may be summed up more shortly here. When the plaintiff's policies have run a certain length of time and the premiums have been paid as due, the plaintiff becomes bound ultimately to pay what is called their reserve value, whether the payment of premiums is kept up or not, and this reserve value increases as the payments of premiums go on. A policy-holder desiring to keep his policy on foot and yet to profit by the reserve value that it has acquired, may be allowed at the plaintiff's

discretion to receive a sum not exceeding that present value, on the terms that on the settlement of any claim under the policy the sum so received shall be deducted with interest, (the interest representing what it is estimated that the sum would have earned if retained by the plaintiff); and that on failure to pay any premium or the above-mentioned interest the sum received shall be deducted from the reserve value at once.

This is called a loan. It is represented by what is called a note, which contains a promise to pay the money. But as the plaintiff never advances more than it already is absolutely bound for under the policy, it has no interest in creating a personal liability, and therefore the contract on the face of the note goes on to provide that if the note is not paid when due it shall be extinguished automatically by the counter credit for what we have called the reserve value of the policy. In short, the claim of the policy-holder on the one side and of the company on the other are brought into an account current by the very act that creates the latter. The so-called liability of the policy-holder never exists as a personal liability, it never is a debt, but is merely a deduction in account from the sum that the plaintiffs ultimately must pay. In settling that account interest will be computed on the item for the reason that we have mentioned, but the item never could be sued for, any more than any other single item of a mutual account that always shows a balance against the would-be plaintiff. In form it subsists as an item until the settlement, because interest must be charged on it. In substance it is extinct from the beginning, because, as was said by the judge below, it is a payment, not a loan. A collateral illustration of the principle will be found in *Starratt* v. *Mullen*, 148 Massachusetts, 570, and cases there cited.

Instead of receiving an advance the policy-holder may draw upon the reserve value for a premium due, again giving a note, but the transaction is similar in legal characteristics to that which we have described. It is unnecessary to set out the documents at length, because, although the same language

is not used in all, there is no nice question of construction, no doubt possible as to the effect and import of the contracts. In none of the cases is there a loan and therefore there are no credits to be taxed. In *Metropolitan Life Ins. Co.* v. *New Orleans*, 205 U. S. 395, so far as appeared, the Insurance Company made loans, properly so called, to its policy-holders, and the question now before the court was not raised or discussed.

What we have said disposes of the item of $568,900. The other consists of a bank account of $50,700, kept separate from a small account for current expenses, admitted to be taxable. The account in question consists of deposits made solely for transmission to New York and not used or drawn against by any one in Louisiana. We shall not inquire whether it would or would not be within the constitutional possibilities for a State to tax a person outside its jurisdiction for a bank deposit that only became his or came into existence as property at the moment of beginning a transit to him, and that thereafter left the State forthwith. It is enough to say we should not readily believe that the Supreme Court of the State would interpret the statutes of Louisiana as having that intent. See *Metropolitan Life Ins. Co.* v. *Newark*, 62 N. J. Law, 74. The Louisiana cases cited as contrary and as showing the purpose of the legislature to reach such a deposit as this do not seem to us to sustain the appellants' point. *Bluefields Banana Co.* v. *Board of Assessors*, 49 La. Ann. 43. *Parker* v. *Strauss*, 49 La. Ann. 1173. The statute purports to levy a tax upon all property within the State, and enumerates different kinds. Act 170 of 1898. We see no indication that it intended to include under that head property that becomes such only to leave the State at once.

*Decree affirmed.*

MR. JUSTICE BREWER dissents, believing that the case is controlled by the decision in *Metropolitan Life Ins. Co.* v. *New Orleans*, 205 U. S. 395.