(59 South. 906.)

No. 19,442.

PENN MUT. LIFE INS. CO. v. BOARD OF
ASSESSORS et al.

(Oct. 21, 1912.   Rehearing Denied Nov. 18,
1912.)

*(Syllabus by the Court.)*

TAXATION (§§ 138, 424*)—NONRESIDENT IN-
SURANCE COMPANIES—PROPERTY SUBJECT.

An assessment, under section 7 of act No.
170 of 1898, of the capital employed by a non-
resident insurance company in the transaction
of its business in the state of Louisiana, does
not embrace isolated mortgage loans made di-
rectly by the company to residents of this
state, not policy holders, out of general sur-
plus funds, which have never been in the pos-
session or under the control of the company's
agents in this state.   If such loans, repre-
sented by notes payable to the company at its
domicile in another state, were taxable in 1906,
they should have been assessed separately as
mortgage securities.

[Ed. Note.—For other cases, see Taxation,
Cent. Dig. §§ 244–246, 716; Dec. Dig. §§ 138,
424.*]

Appeal from Civil District Court, Parish
of Orleans; J. Porter Parker, Judge.

Action by the Penn Mutual Life Insurance
Company against the Board of Assessors and
others.   From the judgment, defendants ap-
peal.   Affirmed.

Harry P. Sneed and George H. Terriberry,
both of New Orleans, for appellants.   Hall,
Monroe & Lemann, of New Orleans, for ap-
pellee.

LAND, J.   This is a suit for a reduction
of the assessment of the plaintiff for the
year 1906, which was as follows:

Money loaned at interest, credits,
  bills receivable, etc.............$177,000 00
Money in possession.............  16,000 00

The plaintiff alleged that the assessment
was excessive, and prayed that the first item
be reduced to $18,000 and the second item to
$7,273, representing the average capital em-
ployed in its business in the state of Lou-
isiana.   There was judgment in favor of the
plaintiff as prayed for, and the defendants
have appealed.

The result of the threshing out of the
facts in the court below was the narrowing
of the issue to the single contention on the
part of the defendants that the plaintiff was
taxable under the assessment in question on
three mortgage loans, represented by notes
executed in the state of Louisiana and pay-
able to the order of the Penn Mutual Life
Insurance Company at its office in the city
of Philadelphia.   These loans were:

One to Christ Church for........$ 35,000 00
One to St. George's Church for....  12,000 00
One to Macheca Real Estate Com-
  pany for..................... 100,000 00

The first loan was made in 1899, and the
others in 1902.

Plaintiff contends that these loans were iso-
lated transactions between the Penn Mutual
Life Insurance Company of Pennsylvania and
corporations domiciled in the state of Lou-
isiana, and had absolutely no connection
whatsoever with the company's insurance
business in this state, and were not included
in the assessment in controversy, which was
intended to embrace only the fair average
capital employed in said business, as pro-
vided in section 7, Act No. 170 of 1898.
One of the defendants, the city of New Or-
leans, admits in its answer that the assess-
ment assailed was levied only upon the busi-
ness conducted by plaintiff corporation in the
city of New Orleans and state of Louisiana,
as provided in said section.

Section 7 of said statute provides a mode
for the assessment of "mercantile firms on
their fair average capital, both cash and
credit, employed in the business of the par-
ty or parties to be assessed."   Under this
scheme of taxation, stock in trade, cash,
money at interest, open accounts, credits,
etc., are considered and valued only for the
purpose of ascertaining the "fair average
capital" so employed.   The same section fur-
ther provides as follows, to wit:

"And this shall apply with equal force to any person or persons representing in this state business interests that may claim a domicile elsewhere, the intent and purpose being that no nonresident, either by himself or through any agent, shall transact business here without paying to the state a corresponding tax with that exacted of its own citizens; and all bills receivable, obligations or credits arising from the business done in this state are hereby declared assessable within this state and at the business domicile of said nonresident, his agent or representative."

Section 7 of Act 170 of 1898 has been construed by this court as authorizing the taxation of the average capital invested by a nonresident in business carried on in this state in the same manner and to the same extent as the capital employed in business by our own citizens is taxed. We have never held that isolated credits due to nonresidents may be taxed. In Travelers' Insurance Co. v. Assessors, 122 La. 129, 47 South. 439, 24 L. R. A. (N. S.) 388, the court said:

"The distinction between taxing the average capital invested by a nonresident in business carried on in a particular state and the taxation of isolated credits due to nonresidents is obvious."

The debts due to nonresidents which we have held to be taxable under said section 7 arose in the course of business carried on in this state and formed a part of the capital of the business. General Electric Co. v. Board of Assessors, 121 La. 116, 46 South. 122; National Fire Ins. Co. v. Board of Assessors, 121 La. 108, 46 South. 117, 126 Am. St. Rep. 313; Liverpool & London & Globe Ins. Co. v. Board of Assessors, 122 La. 98, 47 South. 415, affirmed in 221 U. S. 346, 31 Sup. Ct. 550, 55 L. Ed. 762.

The evidence shows that the credits on hand arising from plaintiff's insurance business in this state did not exceed the amount of $18,000, and that its average cash on hand did not exceed the sum of $7,273.

As the assessment was made under section 7 of Act 170 of 1898, the question before the Board of Assessors was restricted to the "average capital," both cash and credit, "em-

ployed in the business" of the plaintiff. The assessment made by the Board of Assessors must have been based on the theory that the capital employed in the business consisted of credits amounting to $177,000 and money in possession amounting to $16,000. The notes of evidence show that the defendants attempted to prove the amount of policy loans made by the plaintiff in the state of Louisiana, and it may be assumed that the large assessment for credits was based on the supposed existence of such loans.

After the Supreme Court of the United States decided (Board of Assessors of Parish of New Orleans v. New York Life Ins. Co., 216 U. S. 517, 30 Sup. Ct. 385, 54 L. Ed. 597) that such so-called loans were not real loans, and were not taxable as such, counsel for defendants notified counsel for plaintiff that they considered the question of the taxability of policy loans and premium loan notes settled by said decision.

The very able and ingenious counsel for the defendants finally based the validity of the assessment complained of on the existence of the three mortgage loans above mentioned.

These loans were isolated transactions, one having been made in 1889, and the others in the year 1902, between the Penn Mutual Life Insurance Company, domiciled in Philadelphia, and three corporations, domiciled in the city of New Orleans. The notes were made payable to the Insurance Company, at its office in Philadelphia, and have always been held there as a part of the general assets of the corporation. The money was loaned out of surplus funds, and as an investment for the general benefit of the stockholders of the company. None of this money ever passed through the hands of the company's life insurance agents in the state of Louisiana, and the loans had no connection with the insurance business conducted by the plaintiff in this state.

Hence the three mortgage notes, represent-

ing the amounts of said loans, cannot be considered or treated as credits "arising from the business done in this state," or as a part of the capital "employed in the business" of the plaintiff in this state.

We are satisfied from the record that these three mortgage notes were not included or intended to be included in the assessment complained of by the plaintiff.

An assessment under section 7 of Act 170 of 1898 cannot reach credits, money, or other assets not employed in or arising from the insurance business done by plaintiff in this state.

The three mortgage notes, if taxable at all, should have been separately assessed in such manner and form as to give notice to the plaintiff of the intent of the Board of Assessors to subject such securities to taxation. It seems to be self-evident that the assessment of the capital employed in a certain business does not embrace other property of the tax debtor forming no part of such business.

Judgment affirmed.

PROVOSTY, J., concurs in the decree.