## PHŒNIX MUTUAL LIFE INSURANCE CO. *v.* FEENEY.

No. 14013.   APRIL 14, 1942.   REHEARING DENIED MAY 20, 1942.

*Bryan, Middlebrooks & Carter,* for plaintiff in error.
*E. A. Wright* and *H. C. Holbrook,* contra.

ATKINSON, Presiding Justice.   The Court of Appeals certified the following question: "On December 21, 1940, Mrs. Josie W. Feeney sued the defendant on a policy of insurance issued by it on the life of her husband, James W. Feeney.   She was named in the policy as the beneficiary.   The policy was issued on July 17, 1899, and was a twenty-year payment policy, and had become a paid-up policy on July 17, 1919.   The insured died on March 15, 1940.   The plaintiff sought a recovery of the face amount of the policy, less the indebtedness outstanding against the policy.   The defendant in its answer denied that the policy was in force on the date of the death of the insured, for the alleged reason that it had terminated previously because the indebtedness exceeded the amount of its cash value.   The provisions of the policy as to loans against it were as follows: 'At any time while this policy is in force, upon its proper assignment and on its sole security the company will loan, at a rate not exceeding six per cent. per annum, any amount up to the limit secured by any cash value guaranteed hereunder or available by the rules of the company then in force.   After the indorsement of the loan on the policy it will be returned to the party from whom it has been received.   Any interest not paid in cash will be charged against this policy so long as the total indebtedness against it does not exceed the cash value hereunder.   The loan may be repaid at any time while this policy is in force, but the non-payment of loan or interest will not void this policy until the indebtedness to the company against this policy, with interest, shall

equal or exceed the amount of the cash value hereunder, when this policy shall immediately cease and become void, but such termination shall not take effect until at least thirty-one days after the company has mailed notice of the same to the insured and assignee of record, if any, at their last known post office addresses.' The insured had procured a loan upon the policy, which was outstanding against it. On the anniversary of the policy on July 17, 1939, the indebtedness to the company, including interest on the loan, did not equal or exceed the cash value of the policy. The insured did not pay the principal amount of the loan or the interest due on July 17, 1939. On December 31, 1939, the company calculated that at that date the indebtedness, including interest, exceeded the cash value of the policy, and on February 5, 1940, so notified the insured and the beneficiary. Did the company, in calculating the indebtedness against the policy, have the right, on December 31, 1939, or on February 5, 1940, to include the interest on the loan which had accrued subsequently to July 17, 1939, the anniversary date of the policy, the entire interest for the year beginning July 17, 1939, not being due to be paid until July 17, 1940?"

This question assumes that there is a debt, and that the debt bears interest, and that the interest is payable annually July 17; also that on July 17, 1939, the amount of the debt did not equal the guaranteed cash value of the policy, but that on December 31, 1939, the debt exceeded the value. On such assumption the inquiry is, "Did the company, in calculating the indebtedness against the policy, have the right, on December 31, 1939, or on February 5, 1940, to include the interest on the loan which had accrued subsequently to July 17, 1939?" The plan is for the insurer to advance money to the insured on "sole security" of the policy, limiting total indebtedness within the bounds of the "cash value guaranteed" of the policy. Total amount of the debt may be diminished by payment in part, or increased by additional advances, or accumulation of interest. Cash value of the policy may increase by mere lapse of time. If a time comes when the total debt equals or exceeds the guaranteed cash value of the policy, the company may elect to proceed as provided in the policy. There is no contemplation that interest shall cease to run at any time. Consequently, in the stated circumstances the company, in calculating the indebtedness against the policy, would have the right, on December

31, 1939, or on February 5, 1940, to include the interest which had accrued after July 17, 1939. This result would not be affected by the mere fact that such accrued interest might not have been payable until July 17, 1940. Considering the assumptions therein contained, the question as propounded by the Court of Appeals does not involve application of the principle that in mutual accounts a debt for advancements does not arise so long as the advancements do not exceed the demand of the party making them, as applied in Board of Assessors *v.* New York Life Insurance Co., 216 U. S. 517, 522 (30 Sup. Ct. 385, 54 L. ed. 597). The question certified by the Court of Appeals is answered in the affirmative.

*All the Justices concur.*