35047.  SIMS *v.* PENN MUTUAL LIFE INSURANCE CO.

DECIDED FEBRUARY 17, 1954.

*Gilbert E. Johnson, Oscar C. Burnett, Jr., James E. McAleer, Jr.,* for plaintiff in error.

*Julian F. Corish,* contra.

TOWNSEND, J. The contention of the plaintiff in error is substantially: that the policy contained a provision whereby, upon nonpayment of any premium when due or within the period of grace, the policy would lapse, subject to certain exceptions, one of which was that the reserve of the policy available in accordance with the conditions therein fixed might be used to extend automatically the face amount of the policy as term insurance without participation; in other words, the accumulated reserve which had not been used up by the beneficiary through loans and interest thereon would automatically be applied by the company to premiums to the extent necessary to keep premiums paid, when they had not otherwise been paid by the end of the grace period. Another policy provision stipulated: that "interest on loans will be at the rate of 6% per year payable at the end of

each policy year. If not paid when due it shall be added to the existing indebtedness provided the total indebtedness on this policy would not then exceed the total cash value, and the indebtedness thus created shall bear interest at the same rate. Failure to repay any such loans or interest thereon shall not void this policy unless the total indebtedness hereon with interest shall equal or exceed the total cash value, nor until one month after notice shall have been mailed to the last known address of the insured. . . All indebtedness on account of this policy, with accrued interest, shall be deducted from any settlement hereunder." The plaintiff in error contends that, under these policy provisions, one of which was that interest on loans will be payable at the end of the policy year, the sum of $2.48 accrued interest at the end of the third quarter (October 11) was not properly chargeable against the policy until the following January 11 after the death of the insured because, although *accrued*, it was not *payable* on that date; and that, therefore, if it had desired to charge the interest against the policy reserve as of October 11, the company would have had to give notice under the provision that failure to repay any loans or interest shall not void the policy until the loan with interest equals the total cash value or until a 30-day notice to that effect should have been mailed the insured. It was stipulated that no notice was given except notice of the due date of the quarterly premium.

The defendant, on the other hand, contends that section 2 of the policy above quoted and headed "Policy Loans" refers only to voiding the policy for nonpayment of loans, and that section 3, headed "Lapse—Nonforfeiture—Policy Values," is controlling in situations where there is a question of nonpayment of premium, as opposed to a lapse occasioned by nonpayment of loans. There is in this section no requirement of notice before forfeiture upon nonpayment of a premium, but there is the provision above referred to, under which, so long as any cash reserve remains, it will be automatically applied by the company to overdue premiums in order to prevent a lapse of the policy. The policy also contains the statement that "this contract is made in consideration of the payment in advance to the company at its home office of the first premium hereunder, and upon condition that subsequent premiums are paid when due." Accordingly, on a fair

construction of the policy, there is no requirement of notice by the company to the insured before cancellation of the policy for nonpayment of premiums. It was held in *General American Life Ins. Co.* v. *Butts,* 193 *Ga.* 350 (18 S. E. 2d 542, 140 A. L. R. 677), that where a policy of insurance contains a provision that upon nonpayment of premium the loan value of the policy will be used to the extent necessary to cover premiums in default as a loan, there is no duty upon the insurance company to notify the insured that the loan value will not cover the premium due, but it is rather the duty of the insured to notify the company if he desires to exercise his right to continue his policy in force beyond the time of automatic extension after such failure. Accordingly, the failure of the insurance company to notify the insured that there was not a sufficient loan reserve left to cover the premium in default would not of itself affect the question of whether or not the policy remained in force.

■ This leaves only the contention of the plaintiff that the $2.48 interest *accrued* on October 11, 1939, and *payable* on January 11, 1940, should not have been considered at the time of the insured's death in December, 1939, in determining whether the charges against the loan fund were in excess of its value. This contention is controlled adversely to the plaintiff by the holding in *Phoenix Mutual Life Ins. Co.* v. *Feeney,* 193 *Ga.* 836 (20 S. E. 2d 256), that, in calculating the indebtedness to determine whether or not it exceeds the cash value of the policy, the insurance company has the right to include accrued interest, even though such interest is not payable until the anniversary date of the policy. As therein stated: "If a time comes when the total debt equals or exceeds the guaranteed cash value of the policy, the company may elect to proceed as provided in the policy. There is no contemplation that interest shall cease to run at any time." Accordingly, the accrued interest was a debt which, although it had not yet matured, was absolutely earned, and the insurance company had a right to place it in the debit column, in figuring the amount of cash reserve or loan value available to be credited toward premium payment at the end of the grace period on the unpaid quarterly premium. The cash reserve being exhausted, and the premium being unpaid, the policy automatically lapsed on that date, prior to the death of the insured.

The trial court did not err in entering judgment for the defendant.

*Judgment affirmed.* *Gardner, P. J., and Carlisle, J., concur.*