_|¿FITZSIMMONS, J.
The issue is whether cash advances from life insurance policies owned by defendant, Fina Oil and Chemical Company (Fina), are borrowed or additional capital. Plaintiff, the Secretary of the Department of *911 Revenue and Taxation (state), asserts that cash advances are a loan. If these funds were borrowed or additional capital, the cash advances would be subject to Louisiana franchise tax. La. R.S. 47:601, et seq.
One of Fina’s evidence exhibits was a Financial Accounting Standards Board bulletin, dated November 14, 1985. The bulletin stated that an investment in life insurance should be carried as an asset. The cash surrender value can be used to account for the value of the asset. Fina paid the premiums, and was the beneficiary of the life policies that insured certain key Fina executives. The policies did not compel Fina to pay back the advances. If the value or proceeds of the policy were ever paid out, the advances would be deducted from the proceeds because they had already been advanced.
The trial court found that the cash advances were a conversion of one asset, the cash surrender value of the policy, into another form of asset,- cash. The cash advances were not a loan. The trial court found that no borrowed, new, or additional capital had been brought into the company. The state’s suit was dismissed. The state appealed.
After a thorough review of the record, we find no error. We agree with the reasoning of the trial court, and affirm the trial court’s judgment. The instant transaction mirrored a withdrawal of accumulated savings from an investment. These cash advances from the cash surrender value were not indebtedness subject to the franchise tax. A debtor-creditor relationship does not exist here. See also Board of Assessors of the Parish of Orleans v. New York Life Insurance Company, 216 U.S. 517, 30 S.Ct. 385, 54 L.Ed. 597 (1910); United States v. Virgin, 230 F.2d 880 (5th Cir.1956); Smith v. Equitable Life Assurance Society (In re Watts), 14 B.R. 879 (Bankr.W.D.Va.1981); In re Schwartz’ Estate, 369 Pa. 574, 87 A.2d 270 (1952). The cost of the appeal, $668.47, is assessed to plaintiff, Secretary of the Department of Revenue and Taxation.
AFFIRMED.