Henry Baker et al., Individually and as Administrators of the Estate of Anna Baker, Deceased, et al., Respondents, v. Equitable Life Assurance Society of the United States, Appellant.

Argued March 9, 1942; decided April 23, 1942.

*James D. Ewing, William R. McDermott* and *Eugene Z. DuBose* for appellant. The fact that the policy was issued to the insured on July 14, 1920, with a register date of May 1, 1920, and that the first premium paid was $869, did not result in any overcharge of premium or in any failure of consideration and there was no illegal discrimination. (*Metzger* v. *Ætna Ins. Co.*, 227 N. Y. 411; *Whipple* v. *Prudential Ins. Co.*, 222 N. Y. 39; *Goldstein* v. *New York Life Ins. Co.*, 176 App. Div. 813; 227 N. Y. 575; *Corning* v. *Prudential Ins. Co.*, 248 App. Div. 187; 273 N. Y. 668; *Prudential Ins. Co.* v. *Snyder*, 142 Misc. Rep. 150; 229 App. Div. 852; *Bollard* v. *New York Life Ins. Co.*, 98 Misc. Rep. 286; 182 App. Div. 915; 228 N. Y.

521; *Knight* v. *Kitchin*, 237 App. Div. 506; *McGee* v. *Felter*, 75 Misc. Rep. 349; 154 App. Div. 957; 214 N. Y. 683; *Mutual Ins. Co.* v. *Hurni Packing Co.*, 263 U. S. 167; *Potash* v. *Prudential Ins. Co.*, 248 App. Div. 874.) In determining the net cash surrender value of the policy as of November 1, 1934, the date of its lapse, the defendant had the right to include in the outstanding indebtedness against the policy interest at the rate of six per cent per annum for the period from May 1, 1934, to November 1, 1934. (*Holland* v. *John Hancock Mut. Life Ins. Co.*, 279 N. Y. 218; *Rhine* v. *New York Life Ins. Co.*, 248 App. Div. 120; 273 N. Y. 1; *Taylor* v. *New York Life Ins. Co.*, 197 N. Y. 324; *Reynolds* v. *Northwestern Mut. Life Ins. Co.*, 10 N. E. Rep. [2d] 70; *Equitable Life Assur. Society* v. *Brandt*, 198 So. Rep. 595; *Kovacs* v. *John Hancock Mut. Life Ins. Co.*, 193 Atl. Rep. 529.) The cash surrender value of the policy as of November 1, 1934, the date of its lapse, was properly reduced by the principal of the advance of December 1, 1933, plus interest accrued from May 1, 1934, to November 1, 1934; there was no payment of compound interest; even if the insured had paid compound interest, the cash surrender value was, nevertheless, properly reduced. (*Mills* v. *Equitable Life Assur. Soc.*, 262 App. Div. 907; *Bryan* v. *New York Life Ins. Co.*, 262 App. Div. 896; *Marvine* v. *Hymers*, 12 N. Y. 223; *Bloomer* v. *McInerney*, 30 Hun, 201; *International Bank* v. *Bradley*, 19 N. Y. 245; *Willingham* v. *Equitable Life Assur. Soc.*, 86 Fed. Rep. [2d] 72; *Young* v. *Hill*, 67 N. Y. 162; *Ritter* v. *Phillips*, 53 N. Y. 586; *Burne* v. *Van Raalte Co.*, 202 App. Div. 189; *Wilcox* v. *Van Voorhis*, 58 Hun, 575; *Brennan* v. *Nat. Equitable Investment Co.*, 247 N. Y. 486; *Pollitz* v. *Wabash R. R. Co.*, 207 N. Y. 113.) No post-mortem dividend was allowable under the policy and even if such a dividend should have been allowed it would not have been available either to increase the cash surrender value of the policy as of the date of lapse or as a credit against the indebtedness existing at the date of lapse. (*Manufacturers Trust Co.* v. *Equitable Life Assur. Soc.*, 244 App. Div. 357; *Williams* v. *Union Central Life Ins. Co.*, 291 U. S. 170; *State Life Ins. Co.* v. *McNeese*, 19 N. E. Rep. [2d] 854; *Massachusetts Mut. Life Ins. Co.* v. *Jones*, 44 Fed. Rep. [2d] 540.)

*Alfred B. Nathan, A. J. Asche* and *Herbert Spencer Leman* for respondents. By antedating the policy to May 1, 1920, the com-

pany charged and received from the insured a premium for two and one-half months' insurance, without giving the insured any insurance protection whatever for said period. This resulted in a loss to the insured and a corresponding gain to the company in the sum of $197.60, which has never been credited to the insured's account, and which is sufficient to warrant recovery. (*Fogg* v. *Morris Plan Ins. Soc.*, 115 Misc. Rep. 491; *Pink* v. *Title Guarantee & Trust Co.*, 274 N. Y. 167; *Flandrow* v. *Hammond*, 148 N. Y. 129; *American Surety Co.* v. *Connor*, 251 N. Y. 1; *Roberts* v. *Ely*, 113 N. Y. 128; *Lichtenstein* v. *Grossman Constr. Co.*, 248 N. Y. 390; *Strauss* v. *Union Central Life Ins. Co.*, 170 N. Y. 349; *Edelson* v. *Metropolitan Life Ins. Co.*, 95 Misc. Rep. 218; *Wakeman* v. *Wheeler & Wilson Mfg. Co.*, 101 N. Y. 205; *Long Beach Trust Co.* v. *Warshaw*, 264 N. Y. 331.) Defendant's inclusion in the indebtedness of interest as of November 1, 1934, was wrongful. (*New York Life Ins. Co.* v. *Shivley*, 188 Ark. 1044; *Roeser* v. *National Life Ins. Co.*, 115 Pa. Super. Ct. 409; *Matter of State Bank of Canastota* [*Russell*], 238 App. Div. 39; 263 N. Y. 571; *Keller* v. *Strasburger*, 90 N. Y. 379; *Matter of Crane* v. *Craig*, 230 N. Y. 452; *Taylor* v. *U. S. Casualty Co.*, 269 N. Y. 360; *Schweinburg* v. *Altman*, 145 App. Div. 377; 207 N. Y. 681; *Italian Benevolent Institute* v. *Elaine Co.*, 240 App. Div. 196; *Mansbacher* v. *Prudential Ins. Co.*, 273 N. Y. 140; *Mabie* v. *Fuller*, 255 N. Y. 194; *Matter of Terry*, 218 N. Y. 218; *Metzger* v. *Ætna Ins. Co.*, 229 App. Div. 2; *Weed* v. *Spears*, 193 N. Y. 289.) The company's statement of the indebtedness as of November 1, 1934, is incorrect because it includes compound interest which the company was not entitled to charge either under the policy provisions or under the Insurance Law (Cons. Laws, ch. 28). (*Sonn View Development Corp.* v. *Xnorb Realty Corp.*, 254 App. Div. 319; *Matter of Ellis*, 176 App. Div. 425; *Matter of Radner*, 36 Fed. Supp. 964; *Young* v. *Hill*, 67 N. Y. 162; *Newburger-Morris Co.* v. *Talcott*, 172 App. Div. 485; 219 N. Y. 505; *Stauffer* v. *Northwestern Ins. Co.*, 51 Pac. Rep. [2d] 390; *Mabie* v. *Fuller*, 255 N. Y. 194; *Strauss* v. *Union Central Life Ins. Co.*, 170 N. Y. 349.) The cash surrender value of the policy should have been increased by a post mortem dividend. (*Rhine* v. *New York Life Ins. Co.*, 248 App. Div. 120; 273 N. Y. 1; *Wells* v. *Metropolitan Life Ins. Co.*, 171 Misc. Rep. 878; 258 App. Div. 986;

*Steiner* v. *Equitable Life Assur. Soc.,* 146 Misc. Rep. 292; *Miller* v. *Continental Casualty Co.,* 261 App. Div. 395; *Kocak* v. *Metropolitan Life Ins. Co.,* 144 Misc. Rep. 422; 237 App. Div. 780; 263 N. Y. 518; *United States Life Ins. Co.* v. *Spinks,* 126 Ky. 405; 209 U. S. 359; *Harvey* v. *Union Central Life Ins. Co.,* 45 Fed. Rep. [2d] 78; 283 U. S. 829.)

*Per Curiam.* On the stipulated facts there is no basis for holding that the insurance policy was in effect when Hyman D. Baker died. The right of the insured, after default in premium payment, to elect one of the options described in the policy, did not pass to his beneficiaries at his death. (*Lange* v. *Metropolitan Life Ins. Co.,* 278 N. Y. 626.) Mere proof that the policy bore a date two months earlier than its actual date of issue, and that insured paid premiums for that two-month period, did not establish such discrimination as was prohibited by section 89 of the Insurance Law (Cons. Laws, ch. 28) as it stood in 1920. We do not decide what effect such discrimination, if established, would have on the rights of beneficiaries. As to interest on policy loans, defendant properly charged against the policy's surrender value, interest to the date of premium default, even though that date was prior to the date when annual interest became due when insured was not in default as to premiums. Proof of the payment of compound interest on these policy loans, whether or not justified by the terms of the policy, does not entitle the beneficiaries to a credit, since the insured knew that the interest was being compounded, and failed to object thereto. (*Young* v. *Hill,* 67 N. Y. 162, 167.) No post mortem dividend was due on this policy since the policy was not in effect when insured died.

The judgments should be reversed and judgment directed in favor of the defendant, dismissing the complaint, with costs in all courts.

LEHMAN, Ch. J., LOUGHRAN, FINCH, RIPPEY, LEWIS, CONWAY and DESMOND, JJ., concur.

Judgments reversed, etc.