Townley, J.
Plaintiff as executor of the deceased, Saul S. Myers, brings this action to recover the face value of two policies of life insurance amounting to $25,000 each. The complaint consists of four causes of action, two causes of action being devoted to each of the policies. A motion for summary judgment was directed against the second cause of action on each policy. Special Term granted plaintiff’s motion on the second causes of action and severed these from the complaint. This appeal is, therefore, concerned only with the correctness of granting summary judgment on these particular causes of action.
In June, 1919, the defendant issued the policy hereafter referred to as No. 1. Premiums on this policy were paid up to March 18, 1938. The second policy referred to as policy No. 2 was issued by defendant in December, 1925. Premiums were paid up to June 24, 1937. Policy No. 1 lapsed for nonpayment of premiums on March 18, 1938; policy No. 2 lapsed for nonpayment of -premiums on June 24, 1937. The insured died on June 25, 1938.
Beginning in December, 1931, the defendant lent the insured various sums of money. The amounts of these loans outstanding at the time the policies lapsed were $15,753 on policy No. 1 and $9,526 on policy No. 2. Each additional loan transaction was intermediate to two anniversary dates and in each case the prior loan with accrued interest thereon was repaid from the proceeds of the new loan.
Plaintiff claims that he is entitled to the face value of the policies notwithstanding the unpaid policy loans because he says the policy loans outstanding at the time of lapse were void for usury. The further claim is then made that extended insurance in the face amount of each policy was in force as matter of law at the time of the insured’s death. Defendant claims that the policy loans were not usurious and that the available cash surrender value on each policy was inadequate to provide extended term insurance to the time of the insured’s death.
These loans are criticized on various grounds, each of which is claimed to render all or some of them usurious. The provisions in each policy with respect to policy loans were identical. They provided in substance that the company would advance in cash an amount not to exceed the cash surrender value of the policy at 6%. Interest on the loan “ shall be at the rate of six per cent per annum payable annually on the anniversary of the Policy. If interest is not paid when due, it shall be added to the principal. All or any part of the indebtedness may be repaid *114 at any time before the Company has deducted it from the value of the Policy.”
As a part of each loan transaction a policy loan agreement was executed by the insured which among other things provided that the insured might pay the loan “ either in whole or by instalments, with accrued interest thereon, at any time before default in payment of any premium or within the grace period.” The application for the loan also provided that “ any existing indebtedness to said Company on said policy with accrued interest shall be deducted.”
Section 371 of the General Business Law provides: “No person or corporation shall, directly or indirectly, take or receive in money, goods or things in action, or in any other way, any greater sum or greater value, for the loan or forbearance of any money, goods or things in action, than is above prescribed [i.e. 6%].”
There is no doubt that insofar as the Insurance Law gives specific authority to mak¿ loans and pay off indebtedness and collect interest in advance to the end of the current policy year, such authority, if it is in conflict with section 371 of the General Business Law, overrides or modifies that section to the extent necessary to give effect to the provisions of the Insurance Law. Such has been "the interpretation of the law by the various insurance companies and the Superintendent of Insurance and it would be a necessary conclusion in order to give due effect to both statutes.
The claims of invalidity in connection with these loans arise out of the fact that the insured made loans between anniversary dates. The practice of the company in such situations is to pay off all the indebtednesses on the old loans, including accrued interest, and add this item of accrued interest to the principal sum of the new loan.
The court below has held all óf the loans usurious on the assumption that interest could only be collected on the anniversary dates of the policies and that payment of such interest out of the principal of new loans made between anniversary dates rendered such loans usurious and void. In effect the claim is that by collecting the interest in advance of the anniversary date and including it in the amount of the new loan, interest was improperly collected on the interest paid in advance of the due date under the policy.
This claim cannot be sustained. It is in direct conflict with the provisions of the Insurance Law and of the policies and loan agreements. The Insurance Law provides that loans shall *115 be due and payable as provided in the loan agreement. The loan agreement expressly provides that the insured may repay the loan “ either in whole or by instalments, with accrued interest thereon, at any time before default in payment of any premium”. The provision in the policy that interest shall be paid on the anniversary date of the policy obviously refers to such payments as are made on loans which continue up to or beyond that date. The provision is rendered necessary by the fact that insurance loans are not time loans in the sense of having a fixed maturity. The construction placed upon this provision by the court below would divorce the incident of interest from the principal debt and give different maturity dates to each. That such was never the intention of either the insurance company or the insured is obvious.
A transaction that is stressed by the plaintiff as rendering usurious the loans under policy No. 2 is a loan made under this policy on January 24, 1934. On December 24, 1933, on policy No. 2, there was an outstanding loan of $5,025. There was an interest charge due as of December 24th, the anniversary date of the policy, of $301.50. The premium for the succeeding year amounting to $1,440.75 was also due. There was a grace period of thirty days in the policy. The premium was not paid on December 24th. The insured then proceeded to negotiate a premium loan. This loan was made on January 24, 1934. It consisted of the original loan, the unpaid interest on this loan up to the last anniversary date, December 24th, and the unpaid premium. The loan agreement simply provided for interest on the principal of the loan up to the next anniversary date, December 24,1934." After the loan agreement had been executed and the amount applied to the items indicated as of December 24,1933, a statement of the transaction was furnished the insured. In this statement was a notice that the interest due on the next anniversary date would be an amount which represented 6% on the amount of the new loan for a full year.
On December 24,1934, eleven months after the loan was made, this amount was paid in cash by the insured. This charge made nearly a year after the loan is said to constitute usury because it represented a year’s interest on the loan which had existed for only eleven months. The payment of this amount was not called for by the terms of the loan agreement and was not a part of such transaction. It was rendered necessary by the fact that the amount of the loan had been computed ’as of December 24, 1933, and the loan itself was not made until a month later. Under 'these circumstances no provision had been *116 made for the interest charges accumulating between December 24th and the date of the loan. These were later taken care of by treating the loan as a twelve-month loan with interest payable on the next anniversary date.
There is no question raised as to the propriety of charging interest on the original loan for this month’s period but it is said that there is included in the amount interest on the unpaid premium which was not authorized by an appropriate provision in the policy. That this premium was due on December 24th, and was not paid until January 24th, must be admitted.
Subdivision 1 of section 101 of the Insurance Law (now § 155, subd. 1, ft [a]) expressly authorizes the incorporation of a provision: for the payment of interest on unpaid premiums during the grace period. If subdivision 1 of section 101 of the Insurance Law, is interpreted as necessarily incorporated in every policy, the company’s right to make such charge would be apparent. If, however, it is not deemed incorporated and the small charge for interest on this unpaid permium is considered as one not authorized, then it would not under the circumstances of this case constitute usury. Its payment was not provided for by the loan agreement; no part of it was ever paid until nearly a year later. The payment of an amount in excess of 6% under an arrangement outside of the original loan agreement cannot affect such loan. In Matter of Consalus (95 N. Y. 340) the court in its opinion at page 344 says: “ There is no proof that it was made upon any usurious' agreement, but abundant proof that some time after this money was loaned to the firm, they commenced paying Mrs. Hall interest at the rate of ten per cent. There is, however, no proof, and no necessary inference, that there was any agreement for that rate of interest when the money was first loaned to the firm. The payment of that rate of interest may have been by an arrangement afterward made, and it may have been voluntarily paid. Whatever usurious agreement was made subsequently to the original loan cannot affect it, but simply avoids the notes which were subsequently given.”
Assuming for argument’s sake that an overcharge was made, this overcharge, however, does not make the loan usurious. Usury is a question of supervening public policy and relates to charges which are in themselves prohibited. The charge in this case, however, is a charge that in itself is allowable under the public policy of the State as expressed in the Insurance Law. The company has the power to write contracts in which such a charge will be proper. It is clear that a charge which the com *117 pany has power to make under proper contract provisions does not become a prohibited charge because it has not been incorporated in a particular contract. Such a charge is, of course, a violation of the specific agreement but it is not a violation of any public policy of the State. It does not make the contract void for usury.
As to the other points of law raised by plaintiff, they have been disposed of by prior decisions of the courts. For example, in Mills v. Equitable Life Assurance Society (262 App. Div. 907, leave to appeal denied 287 N. Y. 856) it was specifically held that insurance companies have the right to deduct principal and accrued interest on a prior loan from the proceeds of a new loan even though the new loan is made between anniversary dates.
The second issue raised is whether the total indebtedness which may be discharged between anniversary dates includes accrued interest that would ordinarily not be payable until the next anniversary date. This is a question of the meaning of the word “indebtedness” as used in the policy. It is absolutely necessary to permit the insurance company to make this charge, otherwise situations might arise in which there would be no security for the unpaid interest. As was said in Reynolds v. Northwestern Mut. Life Ins. Co. (298 Mass. 208, 211-212) by the Supreme Judicial Court of Massachusetts: “ The construction contended for by the plaintiff, in the event that the policy should be changed into extended term insurance under paragraph 11c, would leave the company dependent upon an unsecured personal obligation of the insured for the interest. There was no purpose to create any personall obligation at all. Paragraph llg of the policy shows that both principal and interest form part of the ‘ total indebtedness ’ of the insured to the company, which is not permitted .to become larger than the cash surrender value without avoiding the policy. That paragraph provides that the advances ‘ shall bear interest at a rate not to exceed six per cent, per annum, ’ and does not suggest that the interest is not to accrue day by day. The actuarial computations by which the cash surrender value (paragraph 11a) is determined by deducting from the reserve ‘ any indebtedness to the company,’ would become illogical and unscientific if interest on advances should not be figured day by day.”
A similar decision was made by the Court of Appeals in Baker v. Equitable Life Assurance Society (288 N. Y. 87). There the court said: “ As to interest on policy loans, defendant properly charged against the policy’s surrender value, interest to the *118 date of premium default, even though that date was prior to the date when annual interest became due when insured was not in default as to premiums.”
Finally, the practice of the insurance company in relation to accrued interest was in substance approved in Household Finance Corp. v. Goldring (263 App. Div. 524, affd. 289 N. Y. 574). There, , under the Banking Act which involved a comparable general usury statute, it was held that repayment of an existing loan prior to its maturity, together with accrued interest, out of the proceeds of a new loan did not constitute a usurious transaction.
It is hardly necessary to advert to the claim that the loans made were void in that they were in excess of the legal reserve. The argument is based on the claim that a new loan cannot be made for the full amount provided for in the policy when an old loan is outstanding even though the old loan is simultaneously repaid from the proceeds of the new one. Such a contention is contrary to the decision of the court in Blumenthal v. Equitable Life Assurance Society (173 Misc. 964, affd. 262 App. Div. 836, leave to appeal denied 287 N. Y. 660). The contention itself, if accepted, would in many cases render nugatory the provision -allowing borrowing to the full amount of the loan value of the policy.
We hold, therefore, that the practices of the insurance companies to the extent attacked in this action are not such as would void the loans for usury. On the contrary, the practices are affirmatively authorized by that section of the Insurance Law above adverted to and the decisions cited.
The judgment and order should be reversed, with costs, and the complaint dismissed as to the second cause of action on each of the policies herein sued on.
Martin, P. J., Glennon, Dore and Cohn, J.J., concur.
Judgment and order unanimously reversed, with costs to the appellant, and the complaint dismissed as to the second cause of action on each of the policies herein sued on. Settle order on notice.