LEAH FENSTER, Plaintiff, *v.* NEW YORK LIFE INSURANCE COMPANY, Defendant.*

Supreme Court, Trial Term, New York County, November 8, 1946.

\* See, also, *Menin* v. *New York Life Ins. Co.*, 188 Misc. 870.— [REP.

*Nathan Gross* for plaintiff.

*John M. Harlan, Philip C. Scott, C. Thorne* and *Ferdinand H. Pease* for defendant.

NULL, J. The anniversary date of the policy in suit was March 7th. The policy lapsed upon the failure to pay the installment of premium which became due on September 7, 1943. The lapse, therefore, occurred at a date intermediate to two anniversary dates of the policy and before all premiums for the current policy year had been completed.

In these circumstances, neither the applicable statutes nor the provisions of the policy required the defendant to apportion to the policy any part of its accumulated surplus as of the date of lapse whether by credit to the policy reserve or by payment in the nature of a dividend. The ascertainment of the divisible surplus and the apportionment of dividends for the policy year ending in 1944 were not required to be had until after December 31, 1943 (Insurance Law, § 216).

There is no basis for the plaintiff's contention that the words " value of any dividend additions ", as used in former section 88 (now § 208) of the Insurance Law imposed upon the defendant the duty to add to the reserve on the lapsed policy the excess of gross premium over the actual cost of insurance constituting a part of the accumulated surplus earned during that period, from the date of the last dividend payment to the date of the lapse. The term " dividend additions " has a fixed and settled meaning in the terminology of life insurance. The words refer to additions made to the face amount of the policy by the application of dividends paid on that policy. It is the term used to designate insurance purchased with moneys derived from dividends paid on the principal policy. That is the sense in which the word " addition " was used in former section 83 (now § 216) of the Insurance Law where it was set forth that dividends apportioned to a policy should, at the option of the policyholder, " be payable in cash, or shall be applicable to the payment of any premium or premiums upon said policy or to the purchase of a paid-up addition thereto ". Moreover, " dividend additions " are expressly defined in the

policy as dividends " applied to purchase participating paid-up addition to the sum insured (herein referred to as ' dividend additions ') ".

The case of *United States Life Ins. Co.* v. *Spinks* (126 Ky. 405), cited by the plaintiff to support her contention, is of no persuasive force. As is pointed out in *Williams* v. *Union Central Life Ins. Co.* (291 U. S. 170, 182), the ruling of the Court of Appeals of Kentucky in the *Spinks* case (*supra*) was rejected by the same court in a later decision (*Jefferson* v. *New York Life Insurance Co.,* 151 Ky. 609), where the court held that the term " dividend additions " had " reference solely to paid-up insurance." (See, also, *Manufacturers Trust Co.* v. *Equitable Life Assur. Soc.,* 244 App. Div. 357; *Mutual Ben. Life Ins. Co.* v. *O'Brien,* 116 S. W. 750 [Ky.]; *Merion* v. *Kentucky Home Mut. Life Ins. Co.,* 283 Ky. 249; *Anderson* v. *Liberty Life Ins. Co.,* 149 Kan. 447; *General American Life Ins. Co.* v. *Day,* 89 S. W. 2d 1012 [Tex.]).

Since there were no dividend additions to the policy of the plaintiff's insured within the meaning of the statute or the policy, the defendant could only credit the policy with the full benefit of the net value or reserve of the policy after deduction of the indebtedness to it in the purchase of extended insurance.

The payment by the defendant of additional or extra dividends upon policies which terminate by death does not constitute discrimination against policies which terminate by lapse. The factors which determine the payment of such dividends in case of death are not the same as those which are presented in the case of lapse. Among other considerations, death is the contingency insured against; the lapse is a withdrawal from the insurance fund and imposes an additional burden upon the policies remaining in force. The policy not being in force when the insured died, neither dividend nor other equivalent credit was due or payable (*Baker* v. *Equitable Life Assurance Society,* 288 N. Y. 87).

The other questions raised by plaintiff are without merit.

It is my conclusion that the policy was fully credited with all the benefits to which it was entitled in accordance with its terms and pursuant to the requirements of law. Accordingly, judgment is directed to be entered in favor of the defendant.