ADA I. CHAMBERS, Appellant, *v.* MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY, Respondent. (Policy No. 942733.)

ADA I. CHAMBERS, Appellant, *v.* MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY, Respondent. (Policy No. 942734.)

ADA I. CHAMBERS, Appellant, *v.* MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY, Respondent. (Policy No. 956652.)

ADA I. CHAMBERS, Appellant, *v.* MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY, Respondent. (Policy No. 956653.)

Fourth Department, December 30, 1955.

*Matthew V. Byrne, Jr.,* for appellant.

*Rowland H. Long* and *Edward T. Post* for respondent.

VAUGHAN, J.   We have before us for consideration four appeals from judgments for the defendant insurance company in actions brought on four life insurance policies issued in 1930 and from orders denying plaintiff's motions for summary judgments.   The policies, of which plaintiff was the designated beneficiary, are for present purposes substantially identical, and the provisions of only one of them need be referred to.

The insured having been totally disabled for some years prior to his death in 1953, the payment of premiums was waived in accordance with the policy.   Pursuant to the loan provisions thereof, the insured borrowed from the defendant in 1947 a sum of money on the security of the policy, which provided: " Failure to repay a policy loan or premium loan, or to pay interest thereon, shall not avoid the policy unless the total indebtedness thereon including accrued interest shall equal or exceed the loan value at the time of such failure, nor until thirty-one days after notice has been mailed ".   Paragraph two of the policy loan certificate provided that " said loan shall bear interest at the rate of six per cent. per annum payable semi-annually on the first day of March and September   *   *   * ; it being further agreed that in case said interest shall not be paid when due, it shall be added to and become a part of the principal of said loan ".   Paragraph four of the same certificate reads: " It is further expressly agreed that if at any time the total indebtedness against said policy   *   *   *   shall equal or exceed the

then cash value of said policy, a default shall be deemed to have occurred in the repayment of said loan and said policy shall become void and no further liability shall exist thereunder * * *; provided, that said policy shall not be so avoided until the expiration of thirty-one days after notice shall have been mailed ".

On September 1, 1952, the cash surrender value of the policy was slightly greater than the indebtedness, consisting of the original loan and interest. On September second, by reason of the addition of another day's interest, the indebtedness exceeded the cash surrender value. The insurance company, therefore, on the following day sent a notice to the insured advising him of the fact that the indebtedness exceeded the cash value and that forfeiture was imminent. The questions chiefly argued on this appeal were whether former section 92 of the Insurance Law (now § 151; L. 1876, ch. 341, as amd.) applied to this case, and if so, whether the notice that was given was a sufficient compliance with that statute. This court is fully satisfied that the case is not governed by former section 92, and the writer at least is persuaded that the notice given complied therewith. The question upon which the court is divided is that raised in the dissenting opinion, viz., whether the forfeiture was prematurely declared. The dissenting opinion takes the position that the " accrued interest " referred to in the policy could be added to the indebtedness only semi-annually, in accordance with paragraph Second of the policy loan certificate, and that there could be no forfeiture until thirty-one days after the mailing of notice subsequent to March 1, 1953, the next interest date.

We do not so read the policy and loan certificate. It is quite true that, as a matter of administrative convenience where there is no question of forfeiture involved, interest is payable semi-annually. Of course, " The so-called liability of the policyholder never exists as a personal liability, it never is a debt, but is merely a deduction in account from the sum that the [insurer] ultimately must pay." (*Orleans Parish* v. *New York Life Ins. Co.,* 216 U. S. 517, 522.) The insured, therefore, need not pay interest semi-annually or at any other time; on the other hand, he may if he please make payments on the indebtedness, including interest, whenever he wishes, for the policy and loan certificate expressly so provide. When the question is one of forfeiture, however, the rights of the parties become quite fixed and definite, and are governed by paragraph four of the loan certificate, which states explicitly " that if *at any time* the total

indebtedness against said policy  *  *  *  shall equal or exceed the then cash value of said policy, a default shall be deemed to have occurred in the repayment of said loan '' (italics added). It would be difficult to draft a forfeiture clause either clearer or more explicit. Neither could any clause be more in keeping with the fundamental theory of policy loans. By the loan, the insured withdrew a portion of the interest-bearing fund, upon the size of which all calculations of an insurance company are based. The interest which was payable upon that loan was the means of making good the loss of income to that fund. If the insured failed to pay such interest, then '' at any time '' the total indebtedness including '' accrued interest '' should exceed the cash surrender value of the policy, the default occurred, and the insurer could mail a notice of impending forfeiture. Any other conclusion would require the insurance company to continue a policy in force long after the insured's equity had disappeared, and during a period when the company had absolutely no security for its loan.

It is our conclusion that, for purposes of forfeiture, interest on the loan was properly accrued on a daily basis, and that the forfeiture was not prematurely declared. The Court of Appeals has stated: '' As to interest on policy loans, defendant properly charged against the policy's surrender value, interest to the date of premium default, even though that date was prior to the date when annual interest became due when insured was not in default as to premiums.'' (*Baker* v. *Equitable Life Assur. Soc.*, 288 N. Y. 87, 92.) '' It is absolutely necessary to permit the insurance company to make this charge, otherwise situations might arise in which there would be no security for the unpaid interest.'' (*Guerin* v. *New York Life Ins. Co.*, 271 App. Div. 110, 117.) The instant case presents just such a situation. And as the Supreme Judicial Court of Massachusetts has noted, '' The actuarial computations by which the cash surrender value  *  *  *  is determined by deducting from the reserve ' any indebtedness to the company,' would become illogical and unscientific if interest on advances should not be figured day by day.'' (*Reynolds* v. *Northwestern Mut. Life. Ins. Co.*, 298 Mass. 208, 212.)

The judgments and orders should be affirmed.

McCuRN, P. J. (dissenting). In my view of it the attempted forfeiture was premature and therefore ineffective. The policy provides: '' *Failure to repay a policy loan* or premium loan, *or to pay interest thereon,* shall not avoid the policy unless the

total indebtedness thereon including accrued interest shall equal or exceed the loan value *at the time of such failure,* nor until thirty-one days after notice has been mailed '' (emphasis supplied). The loan certificate provides: '' Second. That said loan shall bear interest at the rate of six per cent. per annum payable semi-annually on the first day of March and September in each year   *   *   *; it being further agreed that in case said interest shall not be paid when due, it shall be added to and become a part of the principal of said loan ''. Reading together the above-quoted provision of the policy and the loan certificate it clearly appears that the '' time of such failure '' so far as the policy loan and interest thereon is concerned is the time when the interest becomes due and is not paid, viz.: March 1st and September 1st. It is then added to the principal and then if the '' total indebtedness thereon including accrued interest '' equals or exceeds the loan value a forfeiture may result upon proper notice to the insured.

Here, the insured failed to pay the interest due on September 1, 1952, whereupon the company added the accrued interest to the principal of the loan in accordance with the policy provision. The total indebtedness did not at that time exceed the loan value. There was no requirement for any further payment or authorization to add accrued interest to the principal loan until the following March 1st when interest again became due. Failure to pay at that time would result in the interest again being added to the principal loan.

The company, however, on September 2d when no interest was due to be paid and consequently no failure to pay, added one day's interest to the total indebtedness as established on September 1st thereby reaching a total of seventy-six cents over and above the loan value. The majority decision upholds the right of the company to add accrued interest day by day to determine whether the total indebtedness equals or exceeds the loan value and if so to thereupon declare a forfeiture by mailing to the insured the prescribed thirty-one days' notice. The following provision of the loan certificate is relied upon to reach that result: '' Fourth. It is further expressly agreed that if at any time the total indebtedness against said policy, whether represented by this certificate or any other evidence of indebtedness, shall equal or exceed the then cash value of said policy, a default shall be deemed to have occurred in the repayment of said loan and said policy shall become void and no further liability shall exist thereunder ''. The loan certificate and the provisions of the policy should, of course, be read together.

The language used by the company should be liberally construed in favor of the insured especially where a forfeiture is involved. I feel that the words "total indebtedness" and "at any time" as used in paragraph "Fourth" of the loan certificate should be construed to mean, the amount of the loan plus interest which the insured has failed to pay at the time it became due as a result of which it has been added to the principal. In answer to the suggestion that such a construction results in causing the company to carry a loan when the policy is no longer ample security for the entire indebtedness it may be pointed out that the company, presumably experienced in such matters, failed to provide for that category when it issued the policy. The policy contained a provision that it constitutes the entire contract between the parties.

If the loan certificate is to be construed in accordance with the majority view, then it is clear from this litigation itself that the loan certificate has cut down substantial rights to which the insured was entitled under the terms of his policy. The company could not exact terms more burdensome to its insured than the terms set forth in the policy. If the loan certificate is to be so construed it is in my view of it unenforcible for lack of consideration. I am unable to discover any applicable decisions in the courts of this State but see *New York Life Ins. Co.* v. *Shivley* (188 Ark. 1044), *Roeser* v. *National Life Ins. Co.* (115 Pa. Superior Ct. 409), *Walsh* v. *Aetna Life Ins. Co.* (352 Pa. 429) and *Senin* v. *Metropolitan Life Ins. Co.* (153 Pa. Superior Ct. 658).

I dissent and vote for reversal of the judgments appealed from and for judgments in favor of the plaintiff.

All concur, except McCURN, P. J., and WHEELER, J., who dissent and vote for reversal and summary judgment in favor of the plaintiff in an opinion by McCURN, P. J., in which WHEELER, J., concurs. Present — McCURN, P. J., VAUGHAN, KIMBALL, WHEELER and VAN DUSER, JJ.

Judgment and order in each of the above-entitled actions affirmed, without costs of this appeal to either party.